19988—Charles P. Lynch v. Board of Education of the City of Lakewood; error to Cuyahoga Appeals. Judgment reversed. Marshall, CJ., Allen, Kinkade and Robinson, JJ., concur. Dock. 7-19-26, 4 Abs. 510; OS. Pend. 4 Abs. 667.

20043—The Dayton Rubber Mfg. Co. v. Robert F. Brown; error to Montgomery Appeals. Judgment reversed. Marshall, CJ., Day, Allen, Kinkade and Jones, JJ., concur. Dock. 8-4-26, 4 Abs. 541; OS. Pend. 4 Abs. 738.

20107—Clara Ann Naus v. Joseph A. Vorndran et al; certified by the Crawford Appeals. Judgment reversed. Marshall, CJ., Allen, Kinkade and Robinson, JJ., concur. Day, Jones and Matthias, JJ., dissent. Dock. 9-29-26, 4 Abs. 670; OA. 5 Abs. 100.

## MOTION DOCKET
### INDEX OF CASES

Akron, C. & Y. Ry. Co. v. Stevens .............. 20373
Carr v. Carr et ................................. 20361
Dorland v. Whitmer et ......................... 20369
Leonard v. Morehead .......................... 20379
Long et v. Mack et ............................ 20292
Pearl St. Sav. & Tr. Co. v. Weiss.............. 20368
Poole v. Poole ................................. 20370
Snyder et v. N. Y. C. & St. L. R. R. Co........ 20372
Van Pelt v. Miller ............................. 20351
Weir v. Railway Mail Assn. .................... 20363

20292—Frank C. Long et al v. Egbert H. Mack et al. Motion for Franklin Appeals to certify. Dismissed on application of plaintiff in error. Dock. 1-29-27, 5 Abs. 73.

20351—T. C. Van Pelt v. John C. Miller. Motion for Stark Appeals to certify. Overruled. Dock. 2-26-27, 5 Abs. 138.

20361—Walter Carr v. Emma Carr et al. Motion for Vinton Appeals to certify. Overruled. Dock. 3-3-27, 5 Abs. 153.

20363—Nellie F. Weir v. Railway Mail Association. Motion for Lucas Appeals to certify. Overruled. Dock. 3-4-27, 5 Abs. 153.

20368—Pearl St. Savings & Trust Co. v. Charles A. Weiss. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 3-5-27, 5 Abs. 153.

20369—Carl A. Dorland v. Helen Whitmer et al. Motion for Stark Appeals to certify. Overruled. Dock. 3-7-27, 5 Abs. 170.

20370—Mary Poole v. Edgar T. Poole. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 3-7-27, 5 Abs. 170.

20372—J. Royal Snyder et al. v. The New York, Chicago & St. Louis R. R. Co. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 3-7-27, 5 Abs. 170.

20373—Akron, Canton & Youngstown Ry. Co. v. William Stevens. Motion for Putnam Appeals to certify. Overruled. Dock. 3-7-27, 5 Abs. 170.

20379—Josephine Leonard v. Cornelia Morehead. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 3-10-27, 5 Abs. 170; OA. 5 Abs. 152.

## SYLLABI
### Cases Decided by Supreme Court

## No. 262

No. 19962—The Cleveland Builders Supply and Brick Company and The National Refining Company v. The Village of Garfield Heights, Ohio, Indemnity Insurance Company of North America, The Bowen Brick & Supply Company, The Chas. E. Phipps Company and The Dagher-Holland Construction Company. Error to the Court of Appeals of Cuyahoga County.

625. INDEMNITY BONDS—Right of public to enforce contractor's bond given under 2365-1 to 4 GC. to reimburse loss from his default, is prior to rights of sub-contractors, materialmen and laborers to participate in the amount due on the bond.

KINKADE, J.

Where an indemnifying bond is executed and delivered to public officials pursuant to Sections 2365-1 to 2365-4, General Code, to insure the fulfillment by a contractor of a contract according to its terms, covering the construction of a public improvement, the public has a right to enforce the bond in its favor so far as it may be necessary to reimburse the public for any loss sustained by reason of a default of the contractor in carrying out the contract, and such right is prior to the right of any sub-contractor, material man or laborer to participate to any extent in the amount due on the bond.

Judgment affirmed.

Marshall, CJ., Day, Allen, Robinson, Jones and Matthias, JJ., concur.

## No. 263

No. 20107—Clara Ann Naus v. Joseph A. Vorndran, et al. Certified by the Court of Appeals of Crawford County.

1271. WILLS—Where will provides among other provisions, that two sons of testator "should have the privilege to buy my farm"— and in case they did not desire to purchase same, that it be sold on most favorable terms, and the sons complied with all the provisions under the will, the real estate passes to them under 8574 GC.

ALLEN, J.

A testator made a will in which he provided that his two sons, Joseph and Herman, "should have the privilege to buy my farm - - - they my said sons to pay the indebtedness on the premises", and also to pay specified sums for burial expenses of the testator and his wife, and specified bequests to his remaining children. The will further provided that in the event the testator's sons Joseph and Herman did not "desire to purchase the said premises - - - then it is my will that the said land be sold on as favorable terms as possible". The two sons complied with the provisions of the will and made all of the payments required thereunder. Held, that the real estate passes to the two sons as non-ancestral property and descends as such under the provisions of Section 8574, General Code. The testator had the right to impart to the transaction the quality of transfer of title not by devise. (Wheatcraft v. Hall, 106 Ohio St., 21, overruled.)

Judgment reversed.

Marshall, CJ., Kinkade and Robinson, JJ., concur. Day, Jones and Matthias, JJ., dissent.